[838 NYS2d 589]

In the Matter of ARELIA M. TAVERAS (Admitted as ARELIA MAR-
GARITA TAVERAS), a Suspended Attorney, Respondent. GRIEV-
ANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL
DISTRICTS, Petitioner.

Second Department, June 12, 2007

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Colette M. Landers* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated February 20, 2007, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (iii) upon a finding that she was guilty of professional misconduct immediately threatening the public interest based upon uncontroverted evidence of professional misconduct. In the course of that order, the Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) was authorized to institute and prosecute a disciplinary proceeding against the respondent and the issues raised were referred to the Honorable Francis X. Egitto, as Special Referee, to hear and report. By prior decision and order on motion dated January 24, 2007, the Court had appointed Robert P. Guido of the Office of Special Counsel to the Presiding Justice for Grievance Matters to take custody of and inventory the files of the respondent pursuant to 22 NYCRR 691.10 (k) and to take such action as seems indicated to protect the interests of the respondent's clients.

The Grievance Committee now moves to disbar the respondent based upon her failure to file an answer to the petition within 20 days of her receipt, to deem the charges against her to be established, and to direct that she be disciplined upon the charges set forth in the petition. The petition contains five charges of professional misconduct against the respondent including engaging in a pattern and practice of converting escrow funds entrusted to her as a fiduciary, knowingly providing altered and falsified records of her attorney escrow account to the Grievance Committee, improperly commingling personal and fiduciary funds, improperly drawing an escrow check to cash, and failing to maintain required records for her IOLA account. The petition was annexed to the order to show cause seeking the respondent's interim suspension. The petition and order to show cause were served on the respondent's counsel on December 1, 2006. In addition, the decision and order dated February 20, 2007, was served on respondent's counsel via facsimile on February 21, 2007, and by mail on February 23, 2007.

On February 21, 2007, counsel confirmed her receipt of the decision and order.

To date, the respondent has failed to serve an answer to the petition as directed by the Court. Accordingly, she is in default and the charges must be deemed established.

Although the Grievance Committee served the respondent's counsel with a copy of the motion to adjudicate the respondent in default on March 15, 2007, via first class mail, the respondent has not asserted any reply or requested an extension of time in which to do so within the return date.

Accordingly, the motion to disbar the respondent upon her default is granted, the charges in the petition are deemed established and, effective immediately, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MILLER, SCHMIDT, MASTRO and RITTER, JJ., concur.

Ordered that the motion to disbar the respondent, Arelia M. Taveras, admitted as Arelia Margarita Taveras, upon her default is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Arelia M. Taveras, admitted as Arelia Margarita Taveras, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Arelia M. Taveras, admitted as Arelia Margarita Taveras, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Arelia M. Taveras, admitted as Arelia Margarita Taveras, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Arelia M. Taveras, admitted as Arelia Margarita Taveras, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).